## INDUSTRIAL STATE BANK AND TRUST CO., Plaintiff-Appellee,

v.

## The FIRST NATIONAL BANK AND TRUST CO. OF KALAMAZOO, Defendant-Appellant.

## INDUSTRIAL STATE BANK & TRUST CO., Plaintiff-Appellee,

v.

## William B. CAMP, Comptroller, Defendant-Appellant.

### Nos. 19179, 19180.

United States Court of Appeals, Sixth Circuit.

July 10, 1969.

Robert V. Zener, Dept. of Justice, Washington, D. C., William D. Ruckelshaus, Asst. Atty. Gen., Harold D. Beaton, U. S. Atty., Judith S. Seplowitz, Attys. Dept. of Justice, Washington, D. C., on the brief, for William B. Camp.

Philip L. Hummer, Kalamazoo, Mich., Howard & Howard, by William J. Howard, Kalamazoo, Mich., on the brief, for First Nat. Bank & Trust Co.

William H. Merrill, Detroit, Mich., Parsons, Tennent, Hammond, Hardig & Ziegelman, Detroit, Mich., on the brief, for Industrial State Bank & Trust Co.

Before O'SULLIVAN, McCREE, and COMBS, Circuit Judges.

## RETAIL CLERKS UNION LOCAL NO. 1552 RETAIL CLERKS INTERNATIONAL ASSOCIATION, AFL–CIO, Petitioner-Appellee,

v.

## LYNN DRUG COMPANY OF SPRINGFIELD SOUTHERN VILLAGE et al., Respondent-Appellant.

### No. 19688.

United States Court of Appeals, Sixth Circuit.

March 17, 1970.

George L. Jenkins, Columbus, Ohio, Vorys, Sater, Seymour & Pease, Columbus, Ohio, on brief; Charles D. Minor, Columbus, Ohio, of counsel, for appellants.

Leonard S. Sigall, Columbus, Ohio, Sigall, Sigall & Riebel, Columbus, Ohio, on brief, for appellee.

Before PHILLIPS, Chief Judge, and COMBS and BROOKS, Circuit Judges.

### ORDER

PER CURIAM.

This is an action under Section 301 of the Labor Management Relations Act, Title 29 U.S.C. Section 141 et seq., by the petitioner Union for the enforcement of a collective bargaining agreement against the respondent Lynn Drug Company, as a successor employer. The facts are stipulated and the case submitted on a joint motion for summary judgment.

The opinion of the District Judge adequately recites the facts and we agree with his conclusions. For purposes of clarification, however, the final order, following his opinion, is modified in minor respects so that it shall read as follows:

"Based upon the foregoing, there being no dispute of fact herein, the Court determines that *plaintiff's* motion for summary judgment is meritorious and is hereby GRANTED to the extent that it requests arbitration of the discharges of Betty O'Connell and Pat McClintock and further equitable relief as indicated below.

"Based on the foregoing, there being no dispute of fact herein, the Court determines that *defendants'* motion for summary judgment is meritorious and his hereby GRANTED to the extent that it requests arbitration of the discharges of Betty O'Connell and Pat McClintock.

"WHEREUPON, Retail Clerks Union Local 1552, Retail Clerks International Association, AFL–CIO and Lynn Drug Company and Lynn Drug Company of Springfield Southern Village are hereby ORDERED to proceed to arbitration on the disputes revolving around and arising out of the sale of the assets of the Selma Road Store from Gray Drug Company to Lynn Drug Company of Springfield Southern Village, specifically:

"A. The discharges of Betty O'Connell and Pat McClintock;

"B. The viability, throughout the time period from the sale to the termination date of the agreement, of the recognition provision, the union security provision and the dues check off provision of the labor agreement entered into by Retail Clerks Local Union No. 1552 and Gray Drug Company on November 12, 1963;

"C. The continuing viability, throughout the time period from the sale to the termination date of the agreement, of Articles V, VI, VII, VIII, IX, X, XI, XII, XIII, XIV, XV, XVI, XVII, and XVIII of the labor agreement entered into by plaintiff, Retail Clerks Local Union No. 1552, and Gray Drug Company, on November 12, 1963; and

"D. There also shall be submitted to arbitration the rights of the Union and the rights of the employees, if any, under the above designated sections of the contract, which may have survived the expiration of the contract.

"IT IS SO ORDERED."

Affirmed as modified.